1
2
3
4
5   UNITED STATES DISTRICT COURT
6   NORTHERN DISTRICT OF CALIFORNIA
7
8   JASON PAGE,                                No. C 08-5610 MHP (pr)
9           Plaintiff,                         **ORDER OF DISMISSAL OF**
                                               **FEDERAL CLAIM AND**
10      v.                                     **REMANDING TO STATE COURT**
11   D. WILLIS; et al.,
12           Defendants.
                                        /
13
14                          **INTRODUCTION**
15          This pro se prisoner's civil rights action was filed in state court and then was removed
16   to federal court by defendant because it presented a federal question under 42 U.S.C. § 1983.
17   The action is now before the court for consideration of defendant's motion to dismiss.  The
18   § 1983 claim will be dismissed for non-exhaustion of administrative remedies and the action
19   will be remanded to state court for resolution of the state law claim.
20                          **BACKGROUND**
21          In his amended complaint, Page alleged that correctional sergeant Willis set him up to
22   be attacked by another inmate at Pelican Bay on May 17, 2007.  The court reviewed the
23   amended complaint and determined that, liberally construed, it stated cognizable claims
24   against defendant Willis for violating Page's Eighth Amendment rights by acting with
25   deliberate indifference to his safety and for negligence.
26          Defendant moved to dismiss, asserting that Page did not comply with the requirement
27   that he exhaust administrative remedies before he filed this action.  Page responded to
28   defendant's motion by filing a "motion for summary judgment on the pleadings § 585,

demand for trial by jury, and evidentiary support thereof." (Docket # 19.) His "motion" was his rebuttal to the argument that he failed to exhaust administrative remedies. The court has considered the motion for summary judgment as the opposition to the motion to dismiss.

Defendant presented evidence that the only inmate appeal that related to the May 17, 2007 incident and made it all the way to the director's level was inmate appeal log # PBSP 07-01922. However, that inmate appeal did not complain about sergeant Willis and instead concerned the rule violation report issued to Page for mutual combat with another inmate on May 17, 2007. In the portion of the form where Page was directed to describe his problem, Page complained that the rule violation report falsely stated that Page said at the hearing, "'I did push [the other inmate] back,'" and requested that the charge be dismissed. Wilber Decl., Exh. B at § A. That description did not mention sergeant Willis or contend that any correctional officer had set up Page for attack. After his appeal was denied at the second level, Page sought third level (i.e., director's level) review. In the portion of the form in which he was directed to explain why he wanted director's level review, Page wrote that he wanted "official" Sacramento level review and requested that the matter not be delegated to a Pelican Bay liaison. He then wrote: "Please 'join' log # IAB 070326 appeal to this appeal log # PBSP A-07-01922 for complete review of inmate documentation evidence. Sgt. D. Willis # 34629 was warned by CSC staff that I/M Thompson was a violent threat to I/M Page. Sgt. D. L. Willis let I/M Thompson batter me. Please note CDCR form 858 filed in this appeal." Id. at § H. The director's level response was to deny inmate appeal log # PBSP 07-01922. Wilber Decl., Exh. C. Notwithstanding Page's request to "join" two appeals, the director already had screened out Inmate Appeals Branch ("IAB") # 070326 and returned the form to Page because it had not been completed through the first and second levels of review. Grannis Decl., Exh. C.

The materials Page submitted also do not show administrative exhaustion. Inmate appeal log # PBSP S-08-00654, attached to his opposition, did receive a director's level decision but did not concern the events on May 17, 2007. See Plaintiff's Motion, Exh. B. That inmate appeal concerned non-disclosure of confidential information used by a prison

2

1   committee on February 13, 2008 to determine Page's housing and programming needs.

2       The next group of papers in Page's exhibit B started with an unnumbered page

3   captioned "prisoner complaint - CDCR 1858 attachment," with a signature date of May 28,

4   2008.  Many of the pages following that sheet had the case number for a state court case on

5   them, i.e., Case No. CVPI-08-1492, and did not appear to be part of any inmate appeal.

6       The last group of papers Page submitted comprised Exhibit C, which Page identified

7   as documents intended to show the original problem in 2003-2004 that prompted Willis to

8   take his actions in 2007.  The exhibit included a director's level decision dated May 12, 2004

9   on inmate appeal log # PBSP 04-00007.  Plantiff's Motion, Exh. C at 10.  That appeal

10  concerned an alcohol-related incident on July 12, 2003 and Page's removal from a prison job

11  thereafter.

12                              **DISCUSSION**

13      "No action shall be brought with respect to prison conditions under [42 U.S.C. §

14  1983], or any other Federal law, by a prisoner confined in any jail, prison, or other

15  correctional facility until such administrative remedies as are available are exhausted."  42

16  U.S.C. § 1997e(a).  The State of California provides its inmates and parolees the right to

17  appeal administratively "any departmental decision, action, condition or policy perceived by

18  those individuals as adversely affecting their welfare."  <u>See</u> Cal. Code Regs. tit. 15, §

19  3084.1(a).  In order to exhaust available administrative remedies within this system, a

20  prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal

21  written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution

22  head or designee, and (4) third level appeal to the Director of the California Department of

23  Corrections and Rehabilitation.  <u>See</u> <u>id.</u> § 3084.5; <u>Woodford v. Ngo</u>, 548 U.S. 81, 85-86

24  (2006).

25      Exhaustion in prisoner cases covered by § 1997e(a) is mandatory.  <u>Porter v. Nussle</u>,

26  534 U.S. 516, 524 (2002).  All available remedies must be exhausted; those remedies "need

27  not meet federal standards, nor must they be 'plain, speedy, and effective.'"  <u>Id.</u> (citation

28  omitted).  Even when the prisoner seeks relief not available in grievance proceedings,

                                        3

notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). The statute requires "proper exhaustion" of available administrative remedies. See Woodford v. Ngo, 548 U.S. at 93.

A prisoner's failure to exhaust administrative remedies is a matter in abatement. Defendants have the burden of raising and proving the absence of exhaustion, and may do so by way of an unenumerated Rule 12(b) motion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20, citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988). The court can decide factual issues in a jurisdictional or related type of motion because there is no right to a jury trial as to that portion of the case, unlike the merits of the case (where there is a right to a jury trial). See id. Wyatt and Ritza allow this court to resolve factual disputes, but only with regard to the exhaustion issue.

Page did not exhaust the administrative remedies available to him. He never filed an inmate appeal that (a) concerned the claim asserted in his amended complaint and (b) received a decision at the director's level before he filed this action. The several inmate appeals identified by the parties did not suffice to exhaust administrative remedies.

Defendants presented evidence that the only inmate appeal that related to the May 17, 2007 incident and received a director's level decision was inmate appeal log # PBSP 07-01922. That inmate appeal complained that a statement in the rule violation report issued to Page for mutual combat on May 17, 2007 was falsely attributed to Page, and asked for the disciplinary rule violation report to be dismissed. When Page reached the director's level, he tried to broaden the appeal to include an inmate appeal that had already been screened out months earlier at the director's level because Page failed to first present it at the lower levels for decision. The director's level decision denying inmate appeal log # PBSP 07-01922 did not encompass the already-screened out grievance that Page asked to be joined with it. Page offers no evidence that he took steps to cure the procedural deficiency when the other grievance (i.e., the one that apparently mentioned Willis) was rejected for failure to comply

4

with the procedural requirement of obtaining a decision from the first and second levels before presenting it to the director.  Asking the director to "join" the procedurally rejected appeal with the properly presented appeal did not satisfy the exhaustion requirement.  The prisoner cannot satisfy the exhaustion requirement "by filing of an untimely or otherwise procedurally defective administrative grievance or appeal."  Woodford v. Ngo, 548 U.S. at 83-84.  He must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court.  See id. at 90-91.  Page did not.  Defendant has carried his burden to prove that Page did not satisfy the exhaustion requirement with regard to his Eighth Amendment claim.

The materials Page submitted did not show proper exhaustion of the claim asserted in this action.  Inmate appeal log # PBSP S-08-00654 received a director's level decision but did not concern the events on May 17, 2007 and instead concerned confidential information used in a housing/programming decision.  Inmate appeal log # PBSP 04-0007 also received a director's level decision but predated the May 17, 2007 incident by three years and concerned different problems.  The inmate appeal and litigation activity in 2003-2004 that allegedly prompted sergeant Willis' ill-will that led to the May 17, 2007 attack does not satisfy the exhaustion requirement with regard to the claim at issue in this action.

The claim that gives this court jurisdiction to consider this case is the claim under 42 U.S.C. § 1983.  That claim must be dismissed because Page failed to exhaust administrative remedies before he filed this action.  This non-exhaustion problem cannot be cured by, for example, staying this action so he can now try to exhaust because exhaustion must occur before the action is filed and not during the pendency of the action.  See Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006); McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  The wrinkle here is that this action is a removed action in which Page has asserted a state law claim for negligence as well as a § 1983 claim.  The court declines to exercise supplemental jurisdiction over the state law claim now that the federal question claim has been dismissed.  See 28 U.S.C. § 1367(c)(3).  The action therefore will be remanded to state court so that Page may pursue it in the forum he originally chose.  See

<u>Swett v. Schenk</u>, 792 F.2d 1447, 1450 (9th Cir. 1986) ("it is within the district court's discretion, once the basis for removal jurisdiction is dropped, whether to hear the rest of the action or remand it to the state court from which it was removed"); <u>Plute v. Roadway Package System, Inc.</u>, 141 F. Supp. 2d 1005, 1007 (N.D. Cal. 2001) (court may remand <u>sua sponte</u> or on motion of a party).

### CONCLUSION

Defendant's motion to dismiss is GRANTED.  (Docket # 15.)  The claim asserted under 42 U.S.C. § 1983 is dismissed without prejudice because plaintiff did not exhaust administrative remedies before filing the action.  With the dismissal of the § 1983 claim, only a state law claim remains, and the court declines to exercise supplemental jurisdiction over it. This ruling makes moot plaintiff's motion for summary judgment, and the court therefore dismisses it. (Docket # 19.)

The action is remanded to the Del Norte County Superior Court for such other and further proceedings as that court deems proper in <u>Page v. Willis</u>, Del Norte County Superior Court Case No. CVPZ 08-1253.  The Clerk of Court shall transmit forthwith a certified copy of this order to the Clerk of the Superior Court for Del Norte County.

The Clerk of Court shall close the file.

IT IS SO ORDERED.

Dated: February 23, 2010

_____
Marilyn Hall Patel
United States District Judge